NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIMBERLY FRANETT-FERGUS, an individual,

    Plaintiff - Appellant,

 v.

OMAK SCHOOL DISTRICT 19, a public school; K12 MANAGEMENT, INC., a foreign corporation; K12 VIRTUAL SCHOOLS, LLC, a foreign corporation; K12, INC., a foreign corporation; K12 WASHINGTON, LLC, a foreign corporation,

    Defendants - Appellees.

No. 16-35613

D.C. No. 2:15-cv-00242-TOR

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted July 11, 2018
Seattle, Washington

Before:  FERNANDEZ, CLIFTON, and NGUYEN, Circuit Judges.

Kimberly Franett-Fergus appeals the district court's order granting summary

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

judgment in favor of Omak School District 19 and K-12[1] on her religion, national origin, and race discrimination claims under Title VII and the Washington Law Against Discrimination ("WLAD"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's summary judgment order de novo, considering the evidence in the light most favorable to the non-moving party. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). Discrimination claims under both Title VII and the WLAD are analyzed under the same three-part, burden-shifting test. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973); *Kastanis v. Educ. Emps. Credit Union*, 122 Wash. 2d 483, 490 (1993). The plaintiff must first establish a prima facie case of discrimination. *EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009). If she does so, then the defendant must offer a legitimate, nondiscriminatory reason for its actions. *Id.* Finally, the burden shifts back to the plaintiff to show that the defendant's proffered reason is pretext. *Id.*

**Religion Discrimination**

Fergus[2] alleges that Omak and K-12 hired Fareeha Azeem because she is

---

[1] "K-12" refers collectively to K12 Management, Inc.; K12 Virtual Schools, LLC; K12, Inc.; and K12 Washington, LLC.

[2] We follow the plaintiff's briefing in referring to her as Fergus rather than Franett-Fergus.

2

Muslim and Fergus is not, even though no one asked them about their religious affiliation during the hiring process.

The district court correctly concluded that Fergus failed at the first step of the *McDonnell Douglas* test to establish a prima facie case of discrimination based on religion. Fergus must show, among other factors, that "similarly situated individuals outside h[er] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). While the burden at this first stage is "not onerous," *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002), Fergus must still produce *some* evidence to meet her burden, *see id.* at 1113. Fergus failed to do so, relying exclusively on Azeem's appearance, including the wearing of a headscarf, to speculate that Azeem must be Muslim. Fergus fails to recognize that people may wear similar headscarves for a variety of non-religious reasons, including cultural practices, modesty, or simply fashion.[3] In short, evidence of Azeem wearing a headscarf alone raises no legitimate inference as to her personal religious beliefs. Fergus leans heavily on Conley's declaration, but it adds nothing to her case because he engaged in the same speculation based on Azeem's appearance. Significantly, Fergus presents no

---

[3] The wearing of headscarves for religious reasons is also not limited to the Islamic faith.

3

evidence that Jayme Evans, the principal who hired Azeem instead of Fergus, shared the same assumption that Azeem is Muslim.

Moreover, even if Fergus had established a prima facie case, as discussed below, Omak and K-12 stated legitimate, non-discriminatory reasons for hiring Azeem that Fergus failed to show were pretext.

**National Origin and Race Discrimination**

Fergus relies on Azeem's appearance and name as evidence that Omak and K-12 discriminated against her based on national origin and race. A national origin claim arises "when discriminatory practices are based on the place in which one's ancestors lived." *Dawavendewa v. Salt River Project Agric. Improvement and Power Dist.*, 154 F.3d 1117, 1119 (9th Cir. 1998).

The district court did not err in granting summary judgment in favor of Omak and K-12 on Fergus's national origin and race discrimination claims. Even assuming that Fergus and Azeem do not share the same national origin and race, Fergus fails to show that Omak's and K-12's reasons for hiring Azeem were pretext.[4] At the second step of the *McDonnell Douglas* test, Omak and K-12 offered legitimate, non-discriminatory reasons for hiring Azeem: (1) Azeem's engineering degree permitted her to teach multiple subjects, and (2) Evans was

---

[4] We need not decide whether the district court correctly found that Fergus failed at the first step of the *McDonnell Douglas* test to establish a prima facie case of national origin discrimination.

4

concerned about Fergus's ability to accept authority and collaborate with others,

Even prior to the interviews, Evans expressed interest in Azeem's engineering background. Because funding for the position to which both women had applied was only temporary, Evans viewed Azeem as a better hire because her engineering degree would allow her to teach subjects other than math in the future. Indeed, Azeem's ability to teach multiple subjects came in handy when funding was not extended, and Azeem was able to continue working at Omak by teaching physics instead.

Prior to Evans's decision, she also specifically and contemporaneously noted her concerns about Fergus's ability to accept authority and collaborate with others: once during her interview, and a second time after speaking with a reference. Between two qualified candidates, such distinctions are legitimate bases on which to hire one candidate over another. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981) ("[T]he employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria.").

Because Evans articulated legitimate, non-discriminatory reasons for preferring Azeem, the burden shifts to Fergus to show the proffered reasons were pretext. At this step, Fergus must point to evidence "*both* that the [proffered] reason[s] [were] false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). Fergus relies on evidence that the

5

ability to teach multiple subjects was not listed on the job posting in violation of the collective bargaining agreement, and Evans failed to follow Conley's past hiring experiences—such as numerically scoring candidates and adhering to the majority vote of the hiring team. However, it is undisputed that Evans was the sole decision-maker, and the fact that her practices differed from Conley's experience or that she did not strictly comply with the collective bargaining agreement do not suggest that her proffered reasons were false, let alone that the true reason was race or national origin.

Fergus points to Evans's interest in increasing "diversity" among Omak's teachers. However, as the district court correctly noted, the word "diversity" is not limited to race or national origin. Indeed, Evans explained that, to her, the term includes consideration of "socioeconomic backgrounds, ability to teach multiple subjects." There is no evidence from which a reasonable trier of fact could find that Evans, or anyone else, meant race or national origin in referring to "diversity." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to survive summary judgment].").

**AFFIRMED.**

6

No. 16-35613, *Franett-Fergus v. Omak School District 19*

FILED

AUG 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. This case comes to us on summary judgment, and I cannot conclude that a reasonable jury could not reach a verdict in favor of Plaintiff, or that such a verdict would have to be set aside as unreasonable. *See, e.g.*, *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1019, 1027 (9th Cir. 2006) ("If a reasonable jury viewing the summary judgment record could find by a preponderance of the evidence that [the plaintiff] is entitled to a verdict in his favor, then summary judgment was inappropriate."). As it happens, the evidence submitted by Plaintiff in support of her discrimination claims does not seem very persuasive to me. Were I the factfinder, as a member of a jury or as the judge in a bench trial, I would probably not be persuaded by Plaintiff's evidence. We are not the finders of fact, however. I would vacate the summary judgment and remand the case to the district court for further proceedings.